## NATHAN STEINBERG v. MARTHA WISISCH.

Argued January term, 1928—Decided August 15, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Welanko & Strauss.*

For the respondent, *Michael N. Steinberg.*

PER CURIAM.

The plaintiff paid to the defendant the sum of $200 and received therefor the following document:

"August 29, 1923.

Received of Nathan Steinberg the sum of $200 as part of purchase price on property known as 281 Jeliff avenue, Newark, N. J.

The purchase price is $9,000. The seller agrees to accept a second mortgage of $2,000 second in lien to a first mortgage, and to be procured by purchaser and balance in cash. Purchaser agrees to pay $300 more when agreement of sale is drawn.

LUDWIG BERGMAN and HILDA, his wife,
M. Wisisch, Agent."

The agreement of sale called for was never executed, the property being sold to a third party at a higher price, whereupon the plaintiff brought this action against the defendant for breach of contract, and sought to recover as damages a sum representing the amount of the deposit, and the loss resulting from the alleged bargain.

The court directed a verdict for the plaintiff, and the jury assessed the damages in the sum of $450.

The undisputed evidence was that the defendant was authorized to sell the property upon the terms mentioned in the writing given to the plaintiff, and that whatever money was received by the defendant in the transaction was by him turned over to his principals.

The plaintiff admitted that the paper was signed by the defendant, as the agent for disclosed principals, but proceeded upon the theory that the defendant was not, in fact, authorized to execute a contract of sale in behalf of his principals; and that such usurpation and false representation of authority rendered the agent personally liable upon the principal's refusal to abide by the contract. But this so-called contract was silent as to the amount of the first mortgage, and as to the duration, the rate of interest and the default clauses of both the first and second mortgages; no mention was made as to the kind of a deed to be given or when title was to pass; provision, however, was made for an additional payment when "Agreement of Sale is drawn." This latter provision, together with the omission of the essential terms of a contract for sale of real estate clearly indicate that the writing was not a final contract, but was rather in the nature of a temporary receipt, and was so characterized by plaintiff's attorney, who drew it.

When an agent for a disclosed principal has collected money for the latter, and turned it over to him, an action will not lie against the agent for a return of the money in the absence of a special contract by the agent upon which such liability can be predicated. *Savage* v. *Vanderhoff,* 4 *N. J. Mis. R.* 285.

The judgment will be reversed.